UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Criminal No.: 22-CR-207 (JRT/ECW)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **SUPPRESS WIRE INTERCEPTIONS,** |
| | ) | **ELECTRONIC SURVEILLANCE,** |
| Justin White, | ) | **AND OTHER EVIDENCE** |
| | ) | |
| Defendant. | ) | |

Defendant, Justin White, by and through his attorney, James M. Ventura, respectfully moves the Court pursuant to Federal Rule of Criminal Procedure 12(b)(3) and 18 U.S.C. §2518(10)(a), for an Order suppressing evidence obtained through wire interceptions, electronic surveillance, cellular telephone tracking devices, global positioning devices, thermal imaging devices, transponders, public or private cameras, or any other method on the grounds that the Constitutional rights of Mr. White have been violated and the statutory procedures governing such interceptions have not been followed. This Motion is made on the grounds that:

1. The communications were unlawfully intercepted;

2. The orders and warrants of authorization or approval under which they were intercepted are insufficient on their facts; and

3. The interceptions were not made in conformity with the order of authorization or approval.

Defendant has the requisite standing to challenge the admissibility of the intercepted wire or oral communications, and evidence derived therefrom, because he is an "aggrieved person" for the purposes of 18 U.S.C. §2518(10)(a). "'Aggrieved person' means a person who was a

party to any intercepted wire or oral communication or a person against whom the interception was directed." *See also Alderman v. United States*, 394 U.S. 165, 173 (1969); *United States v. Abramson*, 553 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 433 U.S. 911 (1977); *United States v. Civella*, 648 F.2d 1122, 1124 (8th Cir. 1981).

The specific infirmities in the Government's interception are as follows:

1. <u>Failure to Particularize Offenses.</u>

The applications for authorization to intercept wire and oral communications do not contain sufficient specifications as to the offenses that have been, are being or are about to be committed. 18 U.S.C. §2518(1)(b)(i); 18 U.S.C. §2518(3)(a).

2. <u>Naming Requirement.</u>

The applications do not contain the identity of all persons known to be committing offenses and whose communications would be intercepted. 18 U.S.C. §2518(1)(b)(iv). Specifically, none of the search warrants or applications reviewed by defense counsel as of today's date identifies Mr. White as a person committing the offense.

3. <u>Other Investigative Techniques.</u>

The applications do not contain a sufficient showing that other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. 18 U.S.C. §2518(3)(c). To the contrary, the applications show beyond question that the alternative means previously utilized were indeed successful. Thus, normal investigative techniques and procedures were successful and the interception of the wire and electronic communications involving Mr. White were unconstitutional.

4.        <u>Material Misrepresentations.</u>

Based upon the reasons set forth in number 3 above, the applications contain material misrepresentations that traditional investigative techniques have been tried and met with limited or no success or reasonably appear to be unlikely to succeed. To the contrary, the applications show that traditional investigative techniques proved to be successful so that no need for wiretapping existed. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

5.        <u>Progress Reports.</u>

18 U.S.C. §2518(6) provides that "whenever an order authorizing interception is entered pursuant to this chapter, the order may require reports to be made to the judge who issued the order showing what progress has been made toward achievement of the authorized objective and the need for continued interception. Such reports shall be made at such intervals as the judge may require."

Furthermore, the progress reports provided to the Court presumably do not clearly advise the Court that the objective authorized by the orders for interception had been virtually fully achieved, and thus there was no need for further investigation. To date, counsel has not been provided with copies of these progress reports. The production of the reports is necessary to decide this issue. There is no indication anywhere in the provided discovery that the progress of the authorized objective was achieved.

6.        <u>Minimization.</u>

The interception of communications was unlawful in that the intercepting officers did not minimize the interception of communications not subject to interception. Much of the information in the 20 or more case reports with numerous pages each, photos, videos, pictures,

and audio and video recordings have nothing to do with an illegal narcotics investigation. 18 U.S.C. §2518(5).

7.     Termination.

The interceptions were unlawful in that the intercepting agents did not terminate them upon attainment of the authorized objective. Further, the authorization orders are not sufficiently clear as to when the objective would be attained, nor were the investigating officers properly instructed in that regard, in violation of 18 U.S.C. §2518(5).

This Motion is based upon the Indictment, the records, and files in the above-entitled action, and any and all matters which may be presented prior to, or at the time of the hearing of said Motion.

Dated: September 23, 2022              Respectfully submitted,

*/s/ James M. Ventura*
James M. Ventura (#147217)
1000 Twelve Oaks Center Drive, Suite 100
Wayzata, Minnesota 55391
Telephone: (952) 473-8064
Facsimile: (952) 475-7042
jventura@jamesventuralaw.com
*Attorney for Defendant Justin White*