# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# FOURTH DIVISION
## Criminal No.: 22-CR-207 (JRT/ECW)

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>Justin White,<br><br>　　　　Defendant. | **DEFENDANT'S PRE-TRIAL MOTION FOR DISCLOSURE OF 404 EVIDENCE** |

Defendant, Justin White, by and through his attorney, James M. Ventura, respectfully moves the Court, pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure and the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the United States Constitution, to require the Government to disclose all allegedly similar crimes, wrongs or acts allegedly committed by Defendant White on which it intends to rely at trial to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident. *See* Fed. R. Evid. 404(b).

In support of this Motion, Defendant states as follows:

1. Defendant requests that this Court enter an order requiring the Government to disclose well in advance of trial the following particulars of any "other crimes" evidence:

    a. The dates, times, places, and persons involved in said crimes, wrongs, or acts;

    b. The statements of each participant in said other crimes, wrongs, or acts;

    c. The documents which contain evidence of said other crimes, wrongs, or acts, including a statement describing when the documents were prepared, by whom

    the documents were prepared, and who has had possession of the documents since the alleged commission of the crimes, wrongs, or acts; and

  d. A statement of the issue or issues to which the Government believes such other crimes, wrongs, or acts evidence may be relevant under Fed. R. Evid. 404(b).

This request includes evidence that the Government intends to use in cross-examination, rebuttal, and its case-in-chief.

2. Disclosure of other crime's evidence should be timely disclosed, so that Defendant has the necessary time to meet and challenge such evidence. In *United States v. Foskey*, 636 F.2d 517 (D.C. Cir. 1980), the Court, in reversing a Defendant's conviction because of the erroneous admission of 404(b) evidence, recommended that the Government notify the defense before trial of its intention to introduce any such evidence. *Id.* at 526. The Court reasoned that given the complexity of Rule 404(b), Pre-trial Notice may obviate difficulties, as many issues of confusion often occur with such evidence.

3. Disclosure should be ordered under Rule 12(d) of the Federal Rules of Criminal Procedure. That rule permits the Government to disclose evidence which may be the subject of a motion to suppress. *See United States v. Climatemp, Inc.*, 705 F.2d 461 (7th Cir.). As this Court is well aware, 404(b) evidence is invariably subject to a motion in limine (*i.e.,* a suppression motion), regardless of the state at which the evidence is produced at trial. Consequently, disclosure of all proffered 404(b) evidence is necessary under Rule 12(d).

**WHEREFORE,** based on the foregoing, Defendant White respectfully moves this Court for the entry of an Order requiring the Government to disclose its 404(b) material prior to trial.

This Motion is based upon the Indictment, the records, and files in the above-entitled action, and any and all matters which may be presented prior to, or at the time of the hearing of said Motion.

Dated: September 23, 2022                    Respectfully submitted,

*/s/ James M. Ventura*
James M. Ventura (#147217)
1000 Twelve Oaks Center Drive, Suite 100
Wayzata, Minnesota 55391
Telephone: (952) 473-8064
Facsimile: (952) 475-7042
jventura@jamesventuralaw.com
*Attorney for Defendant Justin White*