UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-207 (JRT/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JUSTIN WHITE<br><br>   Defendant, | **CONSOLIDATED RESPONSE OF THE UNITED STATES TO DEFENDANT'S PRETRIAL MOTIONS** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Nathan H. Nelson, Assistant United States Attorney, hereby submits its consolidated response to defendant's pretrial motions in the above-captioned case, contained at docket entries 16-26, 28-29.

## I. DISCOVERY MOTIONS:

### A. <u>Motions for Discovery and Expert Discovery</u> (ECF No. 17).

The defendant moves the Court for an order compelling the government to disclose certain information. The United States does not object to this motion to the extent it seeks material covered by Federal Rules of Criminal Procedure 16. The United States has already complied with Rule 16(a)(1)(A)-(F) and has made available additional discovery not required by law. Furthermore, all physical evidence within the possession of the United States is available for inspection by the defense at a mutually agreeable time and location. The United States understands its continuing discovery obligations and will fully comply with those requirements.

The government objects, however, to the motion to the extent it seeks material not covered by Rule 16. There is no general constitutional right to discovery in a criminal case. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). A defendant must point to either a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *Id.*

Defendant's motion seeks substantial information not required by Rule 16 or other statutory and constitutional rules related to discovery and defendant provides no authority demonstrating that disclosure is required. For example, the motion seeks disclosure of (1) all "arguably relevant" in the government's possession that the government does not intend to use at trial; (2) names and addresses of all witnesses to the allegations in the indictment whether the government intends to call them or not; (3) the names and addresses of all grand jury witnesses and transcripts of all grand jury proceedings; and (4) a variety of other information related to informants, co-conspirators, and witnesses. These requests are vague, overbroad, and outside the scope of Rule 16 and other grounds for disclosure.

With respect to the request for a witness list in particular, the government has no obligation to provide such a list at this stage of the case. "In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) (noting that "government properly objected" to pretrial motion for witness list and upholding district court's order for government to instead provide witness discovery "prior to cross-examination" of witness at trial). "[U]nder general legal principles the Government ha[s] no obligation to supply such a list." *United States v. John Bernard Indus., Inc.*, 589 F.2d 1353, 1357 (8th

Cir. 1979); *see Weatherford v. Bursey*, 429 U.S. 545, 559, (U.S. 1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."). Moreover, the United States does not yet know which witnesses it intends to call at trial. The United States will provide a potential witness list to the defendants and to the Court in accordance with the Court's trial order, should this matter proceed to trial.

Defendant also moves the Court for an order compelling the United States to make pretrial disclosure of Jencks Act material in this case. In particular, the defendant seeks disclosure of Jencks Act material 20 days before trial. The United States also specifically objects to this portion of defendant's motion. Federal Rule of Criminal Procedure 16(a)(2) specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Jencks Act provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (emphasis added); *see also United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981). Indeed, the established rule in this Circuit is that, ordinarily, the United States may not be required to disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. *See, e.g., United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996); *United States v. White*, 750 F.2d 726, 728-29 (8th Cir. 1984). Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony.

Notwithstanding the above, the United States will voluntarily agree to disclose Jencks Act material not already disclosed no later than three business days prior to trial so as not to delay the progress of trial, so long as defendant agrees to do the same.

**B.    Motions for Discovery and Expert Discovery** (ECF No. 18).

The defendant moves pursuant Rule 16(a)(1)(G) for a written summary of any expert testimony the government intends to use at trial. The United States does not object to this motion to the extent it seeks information required by the Rule. At this time, however, the government does not know the identity of the expert witnesses it will call at trial. The government anticipates calling: (1) a BCA laboratory forensic scientist to testify as to the laboratory testing of drugs, specifically the identity, quantity, and properties of the drugs seized from the defendants; (2) a qualified law enforcement officer or analyst to testify regarding the use of GPS and/or cellular phone location information; and (3) a qualified law enforcement officer to provide expert testimony regarding drug trafficking practices, including information regarding the manufacture, packaging, transportation, dissemination, and sale of methamphetamine. Additional forensic testing is still outstanding, and the United States will supplement its disclosures with the results of any additional tests. The United States respectfully requests that the Court order that all Rule 16(a)(1)(F) and (G) disclosures of both parties, including the expert witness's curriculum vitae and summary of anticipated testimony, be made no later than three weeks before trial. Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

    **C.**    ***Brady/Giglio* Material** (ECF No. 19).

Defendant has moved the Court for an order compelling the government to disclose any evidence that may be favorable to the defense or relevant for impeachment purposes. The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States has complied, and will continue to comply, with those obligations. To the extent evidence exists which is both favorable to the defendant and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed to the defendant. However, *Brady* is not a "discovery device," *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010), and "does not *require* pretrial disclosure," *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) (emphasis added). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998) (quoting *Weatherford*, 429 U.S. at 559); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("the Constitution does not require the prosecutor to share all useful information with the defendant"). Rather, "due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *Almendares*, 397 F.3d at 664. The government objects to defendant's motion, however, to the extent it seeks the disclosure of information not required by *Brady*, *Giglio*, and their progeny.

D. **<u>Rule 404(b) Evidence</u>** (ECF No. 28)

Defendant moves the Court for an order directing the United States to disclose any evidence of allegedly similar crimes, wrongs, or acts that the United States intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b). The United States is aware of its obligations under Rule 404(b) and will comply with those obligations.

With respect to the timing of the disclosures under Rule 404(b), the Rule provides for "reasonable notice." *See* Fed. R. Evid. 404(b) advisory committee's notes 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case"); *United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (finding government's oral notice at hearing that it "might use evidence from some local robberies" was adequate and reasonable where government disclosed underlying reports one week before trial). At this point, the United States does not know whether it will use any such evidence at trial. The United States will disclose any extrinsic 404(b) evidence that it intends to use no later than three weeks before trial.

The United States also respectfully requests that the order be drawn strictly to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) ("Rule 404(b) applies only to extrinsic, not intrinsic, evidence"); Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence

be given. The distinction is an important one as defendants may claim that the United States must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

### E. **Disclosure of Informants** (ECF No. 22-23)

Defendant moves for an Order requiring the government to disclose the identity of any "informants" or "cooperating individuals" used in the investigation of the case, and to make them available for interview—if such informants or cooperators were active participants in the charged offense, were witnesses to the offense charges, and disclosure of their identities would be useful to the defendant.

This government is not aware of the investigation of defendant involving the use of a confidential informant or cooperating individual. The investigation into the defendant did begin, however, when law enforcement received a tip regarding the purchase of a commercial LFA Machines-brand pill press machine model TDP 5, capable of producing approximately 5,000 pills per hour. Using this information, officers subpoenaed the manufacturer and conducted surveillance of the defendant as he picked up the pill press from the delivery vehicle and brought it to his apartment in downtown Minneapolis. After a period of investigation, officers obtained a warrant to search the defendant's apartment, where they found the pill press being used to manufacture counterfeit oxycodone pills using fentanyl. Specifically, officers recovered raw fentanyl, counterfeit oxycodone pills, stamps used to mimic commercial oxycodone, a large amount of cash, firearms, and other

evidence. The charges arise out of defendant's possession of the evidence recovered in this search.

The source of the tip is not a percipient witness to the charges in the case because he/she merely provided information about a pill press purchase that started the investigation. The tipster is not a percipient witness to defendant's ultimate possession of controlled substances or guns in his apartment. It is well-settled that disclosure of the identity of a tipster informant is not required under the law. *United States v. Bradley*, 924 F.3d 476, 482 (8th Cir. 2019) ("[T]he identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion.").

Moreover, the defendant has not demonstrated that the disclosure of the tipster's identity "is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001); *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) ("Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.")

Even if disclosure of the tipster was required, the United States objects to defendant's motion to the extent it seeks the government to "produce" the cooperating individuals or otherwise make them available for interview. The United States' "disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the

informant as a witness." *Cree*, 2012 WL 6194395 at *5 (citing *United States v. Padilla*, 869 F.2d 372, 376–77 (8th Cir. 1989)). It is the defendants' obligation to coordinate witness interviews, and any cooperating individuals should remain free to refuse interviews at their option. *Id.*

### F. <u>Compel Government to Copy Audio Tapes</u> (ECF No. 21)

Defendant moves the Court for an Order under Rule 16(a)(1) compelling the Government to provide a copy of all audio tapes, prison phone calls, and written transcripts of communications intercepted pursuant to wiretap in the above-entitled action. The government has no objection to this motion to the extent it seeks information required to be disclosed under Rule 16(a)(1)(A)-(B). There is no wiretap in this case and the undersigned attorney is not currently in possession of any jail calls or other recordings. Should the government come into the possession of any such recordings, it will provide copies to the defendant.

### G. <u>Disclosure of Grand Jury Testimony</u> (ECF No. 16)

The defendant has moved the Court for an order compelling the United States to provide transcripts of the grand jury testimony in this case. The United States will disclose grand jury transcripts to the extent necessary to comply with its obligations under the Jencks Act, Federal Rules of Criminal Procedure 12(h) and 26.2, as well as *Brady*, *Giglio*, and their progeny. Absent one of these bases, however, Fed. R. Crim. P. 16(a)(3) specifically exempts grand jury transcripts from disclosure. To the extent defendant is seeking disclosure of the transcripts under Rule 6(e)(3), his motion fails to show any "particularized need" for such materials as required by the federal rules and case law. *See*

*United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997); *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Rather, defendant's request for grand jury transcripts of witnesses' testimony is essentially a motion for early disclosure of Jencks Act material, which is not subject to disclosure until after the witness has testified. Should the United States call a witness to testify who has testified before the grand jury, the United States will provide the transcript of that witness's testimony. Accordingly, defendant's motion to compel disclosure of the grand jury transcripts should be denied.

      **H.**    <u>**Retention of Rough Notes**</u> (ECF No. 20).

Defendant moves the Court for an order compelling the retention of rough notes prepared by law enforcement agents and informants in connection with this matter. It is well-established in the Eighth Circuit that the government is not required by law to preserve rough notes taken by agents during an investigation. *See United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993). In this District, however, the United States does not normally object to pretrial motions that seek the agents to retain their rough notes. Accordingly, the United States does not object to this motion to the extent that any such rough notes still exist. However, the United States opposes any request for the disclosure of those rough notes to the defendant. *See United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding rough notes are not a statement of a witness as there was no evidence witness signed, adopted or approved of notes); *see also United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (finding defendant not entitled to discover government agents' general notes from witness interviews).

10

## II.   MOTIONS RELATED TO TRIAL PROCEDURE

### A.   Motion for Counsel to Participate in Voir Dire (ECF No. 29)

Because jury voir dire is an aspect of trial procedure and management, this motion should be addressed directly to the District Court.

## III.   MOTIONS TO SUPPRESS EVIDENCE:

### A.   Motion to Suppress Evidence (ECF No. 24)

Defendant moves the Court to suppress "any physical evidence" obtained in the case on the grounds that (1) the search warrant or seizure orders lacked probable cause or was executed in an illegal manner; or (2) the searches and seizures were conducted without warrant, without probable cause, and lacking in any exigent circumstances.

Defendant fails to identify the particular searches or seizures being challenged or any particularized grounds why said searches / seizures are lacking in probable cause or were illegally executed. The government is aware of two principal searches that yielded physical evidence in the case: (1) a search of defendant's apartment in downtown Minneapolis and (2) a search of defendant and his vehicle conducted the same day. Both searches were conducted pursuant to search warrants. The government will offer copies of the search warrants at the motions hearing in this case.

### B.   Motion to Suppress Electronic Surveillance (ECF No. 26).

Defendant moves for an Order suppressing evidence obtained through "wire interceptions, electronic surveillance, cellular telephone tracking devices, global positioning devices, thermal imaging devices, transponders, public or private cameras, or any other method" on the grounds that his constitutional rights have been violated and the

11

statutory procedures have not been followed. The entirety of the defendant's written motion, however, focuses on the suppression of any wiretap or wire interception evidence.

This case does not involve a wiretap or wire interception and therefore defendant's motion in moot. The government did, however, obtain GPS tracking warrant(s) on the defendant's vehicle, obtain cellular location warrants for the defendant's phone, and utilize a camera inside the common area of the defendant's apartment building with the consent of the apartment management. The government will meet and confer with defense counsel to determine whether defendant's suppression motion is intended to apply to any of these measures and the grounds asserted for suppression. If necessary, the United States will introduce copies of the search warrants / orders authorizing the installation or use of such devices at the motions hearing and may call a witness to testify regarding this motion.

    C.    **Motions to Suppress Statements** (ECF No. 25).

Finally, the defendant moves for an Order suppressing any confessions, admissions, or statements made by the defendant on the grounds that they were obtained in violation of the Fifth and Sixth Amendments and were involuntary. The government is not aware of any statements made by the defendant and therefore this motion is moot.

Dated:  October 7, 2022                     Respectfully Submitted,

                                         ANDREW M. LUGER
                                         United States Attorney

                                         *s/ Nathan H. Nelson*

                                         BY: NATHAN H. NELSON
                                         Assistant United States Attorney
                                         Attorney ID No. 388713