UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION
criminal No.:22-CR-207( JRT/ECW)

UNITED STATES OF AMERICA

VS

JUSTIN WHITE

**MOTIONS AND MEMORANDUM FOR SUPPRESSION DUE TO ILLEGAL SEARCH IN SEIZUIRE**

Defendant, Justin white by and through himself ,respectfully submits this memorandum in support of his motion on illegal search in seizure

Statement of facts from " Affidavit "

Your affiant started an investigation into Justin white in December 2021 after receiving a tip regarding the purchase of a LFA Machines DFW LLC pill press model TDP 5.This pill press is capable of producing approximately 5000 pills an hour. Through training and experience your affiant is aware that traffickers utilize pill press machines to produce pills. The tip regarding the purchase of this TDP5 provided the name of the purchaser and the shipping address for the TDP. James Watkins ,1561 Arkwright North St Paul MN,55160.Administration issued an administrative subpoena to LFA Machines DFW LLC for additional information regarding the

purchase by James Watkins machines DFW ,LLC provided the following information for the purchaser,James Watkins,1561 Arkwright street north,MN 55160.Telephone number 763-606-5768 and federal express shipping tracking number. LFA Machines provided a photocopy of a Minnesota Driver's license#s560-526-496-882,bearing the name James Watkins 414 Sherburne avenue ,Saint Paul,MN 55103.

After querying the Minnesota DVS access to search the driver's license number and name resulted in no records found and no records for neither the name nor driver's license number,leading your affiant to believe that the driver license as well as the bank account of James Watkins used for the purchase of this pill press are fraudulent.

On December 29 ,2021 ,your affiant and members from the drug enforcement administration and the federal bureau of investigation conducted surveillance at 1561 Arkwright Street north ,Saint Paul ,Mn. At approximately 0948 hours,special Agent cutcher observed a gold colored mercury bearing the Minnesota temporary License plate 00550609

1

arrive at 1561 Arkwright street North Minnesota DVS. Access search regarding that license plate provided the registered owner as Justin White( 02/07/1987.Special agent cutcher confirmed the driver of that vehicle was Justin White and the photograph on the Minnesota Driver's license provided to LFA Machines DFW,LLC matched Justin White. Justin white waited inside his vehicle and never made contact with any residents located at 1561 Arkwright street North.

At 100 hours ,special agent Cutcher observed a FedEx truck arrive at the listed

location and Justin white exited the vehicle and waved down the driver of the FEDEX truck. The Fed Ex driver assisted Justin White placing both large crates inside the vehicle he was operating. The surveillance team followed Justin White to 95 10 Th street south,Minneapolis ,MN. Justin White removed both crates and took them inside the building were they stayed.

In your affiant's training and experience,the aforementioned behaviors and actions by Justin White lead your affiant to believe that he is involved in the production and distribution of counterfeit controlled substances. Justin White tactics are similar to that of other criminals involved in the sales and distribution of narcotics. Utilizing a fraudulent drivers license,a fraudulent bank account and random addresses for delivery and drop off of such large pill press is a smart tactic to avoid detention of law enforcement.

Your affiant Knows from his training and experience that drug traffickers often use residences as bases of operations to store drugs,proceeds from drug trafficking,and other evidence of criminal activity. agents and investigators involved in this investigation have collectively agreed that much is not yet known about the full depth and breath of his drug distribution network. Therefore ,agents and investigators have been vigilant about conducting there investigation as surreptitiously as allowable by law.

On 01/09/22 A search warrant was obtain to get live GPS location of defendant as well as voicemail in text messages. On January 13 and 25 with permission from management investigators entered the location of 95 s st 15 floor Minneapolis MN k9 handler the dog hinted on the presented of drugs,the officer then preformed a sneak peak inside the apartment 1515.A search warrant was signed for a search of 1515 in the defendants 2018 rang rover.

2

search was preformed 02/01/22 which resulted In the discovery of narcotics in guns.

3

## THE ARGUMENT

The fourth amendment of the constitution protects citizens to be secure in there residency from unlawful searches in seizures. The law require that law enforcement has to be equipped with a search warrant from a undetected magistrate before any search be preformed upon a citizens residency.

The first ascertain that the defendant wants to put the courts on notices

regarding the deficiency inside the affidavit; is the affiance reckless disregard for the truth. The affiants blatant lie ,was only implemented to mislead the magistrate into believing a certain narrative about the circumstances surrounding this event. The affiants lie didn't only mislead the judge ,but it went against agency protocol,of having to inform the magistrate that the approval of the TDP was directed by his agency in was thus employed for investigation purposes. The quote from the affiant ." I received a tip that a James Watkins was receiving a TDP " This statement lead the magistrate to believe that if it wasn't for the tip the defendant would have been successful with his plot of deceivingly receiving the TDP, which ultimately lead the magistrate into believing that he revived it by illegal means. This created a preconception inside of the magistrate conscious that defendant was in possession of machine that he wasn't authorized to have.  By the DEA authorizing the sale of TDP made the

transaction legal,.thus creating the notion that defendant was in fact in possession of machinery that he was authorized to have ,from the inception of said case .So it should be easy

4

to see how the tip phrase mislead the magistrate into believing the defendant was in possession of equipment that he wasn't authorized to have. the fraudulent identification aspect of the transaction would have made it easy for the magistrate to have concluded that the DEA was using TDP for investigatory purposes. If the judge would have been aware of the original origin of the transaction,then maybe she would have demand a more articular account of probable cause existing before signing off on the warrant. The tip aspect of the affidavit took out the investigation aspect which in turned disable the magistrate to inquiry about the result. The affiant knew that his investigation hadn't yield particular result of any on going drug activity .( from affidavit ) " Agents and investigator involved in this investigation have

collectively agreed that much is not yet known about the full depth and breadth of his drug distribution network." This statement is why the affiant decided to abandon the investigation aspect all together in decided to mislead the magistrate with the tip lie.

Franks vs Delaware 438.U.S 154. The courts allowed a evidentiary hearing,to challenge the veracity of the affiants sworn statements, and order to see minus the affiants disregard for the truth to see if probable cause still exist within the four corners of the affidavit.

By the affiant's stating that he revived a tip instead of informing the magistrate that his agency was the ones who approve the sale of TDP for investigation purposes,qualify's the present case for such type hearing. The affiants misleading statement damages the whole integrity of the affidavit. The affiants disregard for not adhering by agency policies, by not informing the magistrate that the approval of TDP was there decision from the inception of case for investigation purposes,damages his character in credibility;thus should result in everything that the affints has said within the four corners of the affidavit should be viewed with a critical eye.

5

The foundation in which the affidavit is built on ,is the affints conclusionary assumption based on his experiences that drug manufactures,usually use misleading information to procure TDP.( I.E fake identification fake bank accounts ) There's two major factors that the affiant should take into consideration before he should be able to jump to the conclusion that defendant was a drug trafficker. The first is that people who deal in credit card fraud usually use fraudulent identification to make large purchases with other peoples money using there stolen bank information ."Meaning the defendant could have been trying to disguise as someone else in order to make a fraudulent purchase of merchandise for re sell. I

say that to say the affiant wasn't aware as if the defendant was a drug trafficker ,because his action resembles ones who deal in credit card fraud as well. so based upon these facts in the affints statement " much is not known about the defendant" would be deemed true in the fact that the affiant labeled defendant as a drug trafficker seemed a little premature without corroborating evidence .

The affiant couldn't have been aware of if a credit card fraud cases was happening or a drug trafficking crime was occurring. Second is that the affiant's conclustionary assumption failed to realize is that applications with a approval aspect have a discriminatory process which applicants are faced with on who gets approved in who gets disapproved. Tacking this into consideration would be easy for one to see why someone with a questionable background would use misleading information to protect themselves from getting discriminated against from receiving property that's available to the rest of society. The affiants level of thinking regrading this manner would lead him to unfairly conclude,that all person who lie on renters applications or only doing such in order to lease property to use such for the illegal sale of illicit drugs. When in fact theirs times when this ascertain could be deem true, but that doesn't negate the fact that most individuals us misleading information to prevent from getting discriminated against. The affiants assumption with out any other corroborating facts;is at most a unfair stereotype that generalizes one behavior of a few an apply it to all. When theirs multiple scenario that could play out from such type situations. "A person mere propinquity to others independently suspected of criminal activity does not without more give rise to probable cause to search that person" Ybara vs Illinois,444 U.S 85.91.100S.Ct 338 62L.ED 2d 238 (1979)  In essence what this statement is trying to entail is just because,one person or a few

6

people do a particular behavior to reach a desired outcome;doesn't mean that all persons who associate with that particular behavior or in desire to reach the same conclusion. To consider all of these logical conclusion from the affiants conclusionary assumption ; I don't know if factoring in all of these different variables would be a hyper technical approach or a commonsense approach. I think that decision would be totally opinionated. See Swift 720 F .supp 2d 1048 (I.D @) [ *1056*] [*18*] to [*1057*] [*20*] To summarize Swift [*1056*] to [*1057*] The courts conclude that due to the affiants broad generalization of his conclusionary assumption,the courts were forced to factor in other possible outcomes of Swifts situation. Which created doubt amongst probable cause. And the present case of the defendant the affiant's conclusionary assumption,was at most a broad assumption. So if viewed from common since approach or a hypertecinal approach. A warrant shouldn't have been signed off without corroborating data to support affints assumption. Henry vs united states 361 u.s 98 . 80 S.ct 168 4 l.e.d 2d 134(1959) Stated by the honorable judge Douglas @ [*101*] [*7*] "It's adoption show common rumor or report,suspicion or even strong reason to believe was not adequate enough to support a warrant without probable cause. An that principle has survived this day". Lexus 332.U.S 581 593-595 Johnson 333.U.S 1013-15 its high water was coming from closed room was not enough to support an arrests and search without warrant. It was against this background that two scholars recently wrote" aresset on mere suspicion collides violently with the basic human right of liberty".

7

    Here or some eight circuit cases that backed up a affiants conclusionary assumption;that the present affidavit lacks.

Patterson 666 F.E.D appex 569 .2016 wl 740 4778 "Probable cause exit because a high volume of visit to a particular address by known drug dealers.

Briscoe ,317 F.3.d 906,908(2000) probable cause exist because a pull from the trash can yield result of drug paraphernalia.

Hartje 251 F.3.d 771 774 (2001) probable cause exist based on a strong showing of narcotic distribution scheme at suspect residence.

The affiant in the present case knew his investigation failed to yeiled particular result to collaborate his suspicion, that's why he abandon the investigation aspect all together in decided to mislead the magistrate with the I received a tip phrase.

" In order to empathize the magistrate's role as a independent arbiter of probable cause,and to ensure that search or seizure are effected on probable cause. The courts has insisted that police officers provide the magistrate's with the underlying facts ,and circumstances that support the affiants conclusion. Nathason 290 u.s 41(1933) The courts held invalided of a search warrant that was based off a customs agents mere affirmation of suspicion and belief without any adequate facts. The courts stated under the fourth amendment that an officer may not properly issue a warrant without facts or circumstances presented under oath or affirmation,mere belief or suspicion isn't enough " I.D @ 276.(Nathason )

It has already been put on the record that the defendants behavior to establish probable cause in the presents case,was to broad of a ascertain to establish probable cause without any corroborating data. At most this investigator was on a fishing expedition, trying to

8

peace together a puzzle to fit a certain narrative to fit his hunch that one crime was in furtherance to commit another crime. when in fact he had no corroborating data to correlate the later crime,he relayed on a affidavit full of hunch's as will as speculation. When in fact he was put an a opportunity where he could have gain evidence to supported his assumption. Essentially the message the affiant is trying to convey is that law enforcement may use the proceed from one crime to support probable cause for another crime. And these type of investigation were law enforcement use one crime in furtherance to

support probable cause for another;they should at less have other corroborating data to support there claim; if not then these type of conclusionary assumptions is just a slick way for law enforcement to infringe upon ones constitutional right to be secure inside there residences. And cases like the present the crime has already been committed, its a unfair reach for law enforcement to try in predict the future.;by putting together assumption with no direct indication that could be articulately articulated towards the defendants actions outside the

9

originating crime  Garu 287 u.s 124.53 s.ct 38 (1932)  counsel Chariton

b Thompson.with Stephen L Blackly." The proof from one crime can not be supplied for

probable cause for another crime." I.D @ [*3*]See also Rodrriquez,(2020) lexus 193215

where the courts concluded that a defendants sisters possession of 4.1 grams of methamphetamine. Wasn't enough to support the conclusionary assumption of the affiants ,that drug dealers usually carry large amounts of drugs,thus concluding that the defendant was engaged in drug sales which availed her property to a search to uncover such. These type of conclusionary assumption would allow law enforcement to illegally search the homes of

anyone who they deem to have more drugs on them then for users purposes. For law enforcement to be allowed to make such type assumption is just a slick way for them to infringes on ones constitutional right .

Because there wasn't any corroborating evidence to back the affiance conclusion that one crime was in furtherance to commit the other crime. The affidavit lacked a nexus between the place to be searched an criminal activity. The affiant merely tried to use equipment his agency allowed the defendant to have in order to create that nexus. So an essence the whole basic of establishing probable cause was,in the manner in which the defendant tried to procure the TDP .So we must ask are self's minus the TDP from this equation ,dose the manner in which the defendant try to procure the TDP alone establish probable cause of a crime being committed or about to be committed outside the original crime? No so the approval of the TDP without corroborating data dosent establish probable cause ether The affiant wasn't aware that the machine was functional . The affiant wasn't aware that the residence was actually being used for the manufacturing of a controlled substance or if the defendant was even aware of how to use the machine. The affiant clearly states in his affidavit that much wasn't known about the defendant the affiant failed to articulate any criminal activity inside the four corners of the affidavit   . All of this information would of created a nexus between the place to be sought in criminal activity. Because the affidavit lacked these type of particulars there was no nexus of criminal activity in the things sought in the  place to be searched outside of the TDP that they allowed him to have  .See. Brown 8th cir  " 828 F,3d 375 " There must be a nexus between the place to be searched in the things to be sought"I.D @[*381*] [*12*]  The affiant was award with reasonable opportunity to  produce corroborating data I.E " The

10

rover cam outside of residence. Tracking device on cellular phone of live location as well as text messaging accesses. All of these measure were in hopes of collecting data to collaborate the affinats assumptions of a crime being afoot which resulted to no such indication within the four comers of the affidavit. The magistrate was aware of the additional efforts made by the affiant to try in corroborate his assumption,but failed to ask about the result of the previous warrants. because the current affidavit failed to articulate thus results. This type of behavior is a sound indication of a judge acting as a mere rubber stamp. See Nelson Lexus 11041 on a judge acting as a rubber stamp and signing off on a affidavit that was glaringly deficient because there was no basis's besides concluionsary assumption to establish probable cause .

### THE LEON GOOD FAITH WANT SAVE THE AFFIDAVIT .

The affiants disregard for the truth as well as his neglect for adhering to agency's policy damages the integrity of the affidavit as well as his credibility. Anytime a defendant can prove that a affiant intentionally mislead a magistrate then the good faith is inapplicable see United

11

states v curry 911 f.2d 72 77-79 (8th 1990) as will as anytime a defendant can prove that a magistrate acted as a rubber stamp for the affiant then the good faith is inapplicable.

The magistrate never question the affiant regarding what made the tip, that James Watkins was purchasing a TDP suspect. Taking this tip from a face value nothing seems out of the ordinary,The affiant wasn't aware of the misrepresentation of the I.D Intel the subpoena of records of the transaction. The company wouldn't have knowingly approved a sell to a person under the impression that the customer was using fraudulent credentials thats illegal, so the company couldn't have told the affiant.If the judge would have been acting in a undattached

manner she would have asked some of these question that would have ultimately revealed her to understand that the affiant never received a tip. Why else would individuals have to use fraudulent creditails to procure TDP if law enforcement wasn't involved from the inception this is a sound indication of a judge rubber stamping. The fact that the judge signed off on two additional warrants in signed off on another that failed to inculed results from the previous two is another indication of rubber stamping. So the Leon Good faith should not apply. AS for the search without the warrant on 1/15/2022 and 1/25/2022 these searches was preformed without a warrant thus making them invalid they were profurmed without probable cause of criminal activity as well

## Conclusion

The basis of the whole affidavit is a conclusionary assumption based upon a crime that has already been committed. To allow law enforcement to use concusionary assumption from one crime to try in predict the next, would be to open up the flood gates for all type of analysis

12

based upon theories that deal with no certainties. This type of practice suggestion that a hypothesis without any corroborating evidence is valid enough to support probable cause for a search warent. The law suggest otherwise, "It may be said in conclusion that peace officers are usually zealous in there performance of their duty's and desires of bringing law breakers to

justices and that such endeavor is commendable and should be encouraged, but the evidence charged against persons must be by lawful means and when sought by search and seizure upon compliance with the constitutional amendment."   As stated by the honorable Justice Brandies

Because of the mention facts the search warrant of the defendants car on 02/01/22 as well as the residency at 95 10 s st was invalid thus resulting in the evidence procured from both was obtain by illegal means which should result in the suppression of all evidence obtain from both searches.

RESPECFULLY SUBMITTED BY

JUSTIN WHITE 02/17/23

13