RECEIVED
BY MAIL

FEB 24 2023

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

## OUTRAGEOUS GOVERNMENT MISCONDUCT

## ARGUMENT

Criminal law is the product of the tension between the rights of the citizen and the rights of the

state to regulate the citizens conduct. While citizens look for the government to provide for the

security and safety, they also look to the government to provide those services without impinging on

democratic values. Accordingly  a consensus exist that government may not exceed certain limits,and

the detection,apprehension, and prosecution of individuals engaged in criminal acts. Not withstanding

this consensus society cannot agree where that limit exist or how it is defined.. The due process or

outrageous government misconduct defense,seeks to define that limit. The basis of the defense is that

the acts of the state or its police or prosecuting agents have violated the consensus and exceeded the

limit of what a free society will tolerate,it remains the only defense where the characteristic of the

defendant is irrelevant

1           Twigg  588 F.2d 373 (1978) 3rd  vs UNITED STATES

Defendants, convicted on multiple drug-related offenses due to their operation of a methamphetamine

laboratory, argued that the extreme police involvement in the enterprise was entrapment and violated

due process. A government informant initiated contact with defendants, suggested the criminal

SCANNED
FEB 24 2023
U.S. DISTRICT COURT ST. PAUL

enterprise, and supplied money, facilities, chemicals, and technical expertise to defendants who were later arrested..The court held that entrapment was not available to either defendant; first because he had a history of such offenses and therefore was predisposed, and the second because he was brought into the criminal enterprise by the co-defendant and not the government. However, the court held that the government's conduct was so outrageous as to bar prosecution as a matter of fundamental fairness based on due process. The court held that the key factors where that there was no criminal activity until the government started it, the criminal enterprise could not have succeeded without the government's contribution of money and resources, and neither defendant had the chemical knowledge to conduct the enterprise on their own. All counts but one possession charge were reversed The common denominator that we can conclude from both cases is the the governments role and the manufacturing of a criminal enterprise that didn't exist before the government came on seen. The Present case share the same underlining circumstances of Twigg in Greene which is the supply of hard to obtain materials to a criminal enterprise that wasn't already in consumption. Which resulted in the manufacturing of a new crime. So if it would be deem outrageous for the government to supply hard to gain materials to a criminal enterprise that wasn't already in manifestation ,what would make it OK for the government to allow a individual to learn a new criminal disposition under there investigatory umbrella,Which is exactly what happen in the present case along with the supply of hard to gain material to a criminal

enterprise that wasn't already in consumption

And Russell it clearly suggest that its a intolerable degree of government participation an a criminal enterprise for agents to have supplied the main ingredient need for said production, to a criminal enterprise that wasn't already in conception.

" The overreaching participation relied upon by the majority is the conduct of the government agent in supplying Phenyl-2-Propanone to the defendant and his fellow manufactures. This chemical is essential to the manufacture of methamphetamine. The opinion states that it could not have been obtained had the government agent not supplied it. The thesis is that the three individuals involved would have not been able to manufacture the product and sell it without the chemical for the government." Russell 459 F.2d 671 (I.D @ [*675*] [*10*]

" While we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous,that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction. The instant case is distinctly not of that breed. ( The agents contribution of propane) to the criminal enterprise already in progress was scarcely objectionable. Law enforcement conduct here fails short of violating the fundamental fairness mandated by the due process clause of the fifth amendment .The court went on to make an important point not present in

Twigg the defendant was a active participant in a illegal drug manufacturing enterprise before

government came on scene"

I.D  @ [377*] *[11] Twigg 588 f.2d 373


UNITED STATES v RUSSELL 459 F.2d 671 (9th cir 1972)

Russell was convicted for the manufacturing of methamphetamine. A government agent supplied

Russell with Phenyl 2-Propanone a hard to gain chemical that was governmentaly regulated in

exchange for one half gallon of the methamphetamine to be produce. Russell was convicted of

manufacturing of methamphetamine, Russell went on to appealed his conviction. The conviction was

overturn due to the government supplying the primal element need for said production. Which made

the government  appear to be a manufacture of the crime The appellate  decision was overturned by the

supreme court on the grounds of testimony from a agent who observed a bottle of phrnyl 2-propanone

on the floor of the laboratory that wasn't supplied from the government. The supreme court went on to

concluded that the government may offer hard to gain chemicals to drug enterprises that's all ready in

consumption for investigatory  purposes.  See Garbiso 782 F.2d 1054 (9th cir 1986) as well where the

government offers contraband to a criminal enterprise already development.  Both these cases Russell

and Garbiso suggest that government agents may offer hard to gain utensils to enterprise that's already

in progress for investigatory purposes. But where law enforcement actions has pass the point of

toleration is when there manufacturing crime instead of detecting crime. By doing such its easy to

concluded that there using there  power to provoke crime,which could be deem as unethical. And

anytime ethics is involved Justice an liberty or  afoot, which plays a huge part in due process.  And Mr

whites case the DEA investigatory decision resulted in the manufacturing of a new crime. Rather it be

directly or indirectly,intentional or unintentional. The DEA is responsible for what could happen ,what

should happen,and what they thought was going to happen. The may not claim ignorance to factors

that they ignored  to factor in. In the present case they allowed the defendant to gain access to a

governmental regulated machine that the defendant wasn't previously exposed to ,they also allowed the

defendant access to a knowledge of what to do with equipment that defendant didn't have the

previous knowledge of. All after being aware that individuals with no prior experience in the

manufacturing of pharmaceuticals pills  would seek out LFA because of the training made available to

its customers The DEA should have took a different investigational approach with dealing with this

particular company, just to ensure that they were protecting the integrity of there agency with not

allowing a individual to learn a new criminal disposition that they weren't previously exposed to under

there investigational watch

CONCLUSION

To declare that in the administration of criminal law the ends justify the means would

be to declare ,that are democracy is under the rule of thumb of a dictator in the rights to its citizens is

irreverent when concerning law enforcement procedural tactics of the apprehension of criminals. Its a

lot of psychological damage the criminal class is exposed to during a career of criminality, especially

for those who are involved in crime for economical purposes. The instant gratification ;acts as the

controlled substance which keeps a addict running back to its addiction the  instance gratification of

being able to procure a substantial amount of capital from a criminal endeavor ;is the bondage that

would have a criminal addicted to a life of crime.    For the government to have placed the know with

how, of how to commit a different degree of a new crime inside the conciseness;of a individual who

had no prior knowledge of how to do such. Where that individual could run back to that knowledge"

crime" for the duration of his life,which could potentially cause him harm is a form of psychological

criminal enslavement. The ripple effect that this investigatory tactic exposed the defendant to has no

place inside a advance society

Governmental investigation involving participation in activities that could result to the injury's to the rights of its citizens is a course the courts should be reluctant to sanction. Prosecutes and there agents naturally tend to assign great weight to the soicail interest in apprehending an convicting criminals .The danger is that they will assign to little to the rights of its citizens to be free from government induced .Criminality. Decency ,security an liberty ,alike demands that the government officials shall be subject to the sane rules of conduct that it commands its citizen And a government of law existence of government will be in imperil if it fails to observe the law scrupulously. Are government is the potent the omnipresent teacher for good or evil. IT teaches its people by its example. Crime is contagious if the government becomes a law breaker and breeder of crime,it breeds contempt for law it invites every-man to become unlawful himself. Nor does a state need to rehabilitate a person who absent of government misconduct would not have engaged in crime .It isn't difficult to see how the governments misconduct becomes the ends itself to secure a conviction of a Private criminal. Under such circumstances the criminal justice system infringes upon personal liberty and justice which violates due process.

Because of the facts presented in the memorandum the case should be dismissed an anything,that derived from said case should be suppressed under the fruits of a poisonous tree

respectfully submitted by    Justin white 2/17/23