UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Justin White,

          Defendant.

Case No. 22-cr-207 (JRT/ECW)

**ORDER**

This matter was set for a motions hearing on March 14, 2023. (Dkt. 65.) At the hearing, Defendant Justin White made an oral motion to represent himself in this matter. "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived." *Koenig v. North Dakota*, 755 F.3d 636, 640 (8th Cir. 2014) (citing *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)) (citation omitted). Indeed, the right to counsel is balanced with a defendant's right to represent oneself. *See United States v. Sanchez-Garcia*, 685 F.3d 745, 751 (8th Cir. 2012) ("The Sixth Amendment . . . grants an accused both the right to counsel and the alternative right to self-representation.") (citation omitted)). "If the defendant waives the right to counsel, the waiver must be voluntary, intelligent, and knowing." *United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir. 2009) (citation omitted). "Counsel may be waived if the defendant 'knows what he is doing and his choice is made with eyes wide open.'" *United States v. Stanley*, 891 F.3d 735, 738 (8th Cir. 2018) (quoting *Faretta v.*

*California*, 422 U.S. 806, 835 (1975)); *see also United States v. Krug*, 822 F.3d 994, 1000 (8th Cir. 2016) (finding that in order to waive the right to counsel, "[t]he defendant must understand the consequences of proceeding pro se and be competent to stand trial as evidenced by an understanding of the nature of the legal proceedings against him.") (citation omitted).  The Court is thus tasked with making Defendant "aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

The Court found based on the record and statements at the hearing that Mr. White's attorney-client relationship with Attorney James M. Ventura is irretrievably broken; conducted an inquiry into Mr. White's ability to represent himself and advised him of the risks and consequences with representing himself, which included offering him substitute appointed legal counsel; granted Mr. White's oral motion to represent himself; and terminated Attorney Ventura's representation of Mr. White.  The Court finds based on Mr. White's colloquy with the Court and opposing counsel at the hearing, as well as record as whole, that Mr. White understands the nature of legal proceedings against him and that his waiver of counsel is voluntary, intelligent, and knowing.  However, the Court appoints standby counsel for Mr. White.  The Federal Defender is directed to identify standby counsel, which may be a member of the CJA Panel, and standby counsel shall enter an appropriate appearance.

**SO ORDERED.**

Dated:  March 15, 2023                                s/ *Elizabeth Cowan Wright*
                                                                          Elizabeth Cowan Wright
                                                                          United States Magistrate Judge