UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                                        Crim. No. 22-207 (JRT/ECW)

                Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER**

JUSTIN WHITE,                                    **DENYING DEFENDANT'S MOTION TO**
                                                    **DISMISS AND MOTION FOR RECUSAL**

                Defendant.

---

Nathan Hoye Nelson, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Justin White, SPN 6990, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415, Standby Counsel for Defendant.

Defendant Justin White is charged with possession with intent to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. He moves to dismiss the indictment for due process violations during pretrial motion practice and believes the Court should recuse itself. Because the Court remains impartial and there were no due process violations, the Court will deny White's motions.

## BACKGROUND

In 2022, while still represented, White filed several motions through his attorney. (*See* Mem. Op. & Order Adopting Magistrate Judge's R. & R. ("Order Adopting R. & R.") at

6, Aug. 29, 2023, Docket No. 94.) He also filed pro se motions to suppress evidence and dismiss the indictment. (*See id.*) Because White remained represented when he filed the pro se motions, the government responded to the substantive arguments brought by counsel and requested that Magistrate Judge Elizabeth Cowen Wright disregard the pro se motions. (*See generally* Mot. to Strike Def.'s Pro Se Mots., Feb. 27, 2023, Docket No. 60; Pl.'s Consolidated Resp. to Def.'s Pretrial Mots., Mar. 3, 2023, Docket No. 61.)

Before the Magistrate Judge adjudicated any of the motions, White requested leave to represent himself, which the Court granted. (*See* Order at 2, Mar. 15, 2023, Docket No. 67.) White then withdrew his represented motions and proceeded solely with his pro se motions. (*See* Order & R. & R. at 3, June 5, 2023, Docket No. 84.) Because White's pro se motions were properly before the Magistrate Judge once he decided to proceed pro se, the Magistrate Judge allowed the government to file a response on the merits and White to later reply. (*See id.* at 3.) The parties filed those briefs. (*See generally* Pl.'s Resp. to Def.'s *Pro Se* Pretrial Mots., Mar. 29, 2023, Docket No. 70; Suppl. Mots. & Mem. for Suppression & Dismissal, Apr. 21, 2023, Docket No. 77.) White also filed a supplemental memorandum that raised similar arguments. (Suppl. Mots. & Mem. for Suppression & Dismissal, Apr. 28, 2023, Docket No. 80.)

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court deny White's motions to suppress and dismiss based on her consideration of White's motions, the government's response, and White's reply. (*See*

Order & R. & R. at 2–4, 44–45.) Following White's objections to the R&R and the government's response, the Court adopted the R&R on de novo review. (Order Adopting R. & R. at 7–8, 24–25.)

White now moves to dismiss the indictment because the Magistrate Judge and the Court violated his Due Process rights when denying his motions and moves the Court to recuse itself because the alleged procedural irregularities are evidence of partiality. (*See* Mot. Dismiss Due Process Violation at 1–2, Nov. 8, 2023, Docket No. 100; Mot. to Recuse, Nov. 8, 2023, Docket No. 101; Mot. of Reviewing, Nov. 8, 2023, Docket No. 102.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Documents filed by a pro se litigant are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

It is not immediately clear under which Rule of Criminal Procedure White brings these motions. To a certain extent, White's motions appear to be motions for reconsideration of the Court's order adopting the R&R, in which case the Court would look only for manifest errors of law. *See, e.g.*, *United States v. Johnson*, No. 16-193, 2021 WL 424675, at *1 & n.1 (D. Minn. Feb. 8, 2021). Nonetheless, out of an abundance of caution, the Court will treat White's motions as motions to dismiss pursuant to Federal Rules of Criminal Procedure 12 and 47 and apply de novo review.

**II.     DUE PROCESS**

As far as the Court can ascertain, White argues that the Magistrate Judge and the Court violated his due process rights by ruling on his motions without receiving complete briefing from the government. Per White, the proper sequence would be for him to file his initial motions, the government to respond, White to reply, and the government to file a surreply. Without a second response by the government, White claims that he was not given fair notice of the government's arguments.

To begin, White is incorrect that the government was required to file a second response to his motions. *See* Minn. L.R. 12.1; *see also* Minn. L.R. 7.1 (providing a normal sequence of motion, followed by response, followed by a reply). It would have been unusual, and likely require the Court's permission, for the government to file a surreply to White's reply brief. The Magistrate Judge issued an R&R following the standard sequence for motion practice in this District.

What is more, White cites no law, nor is the Court able to ascertain any, that the government is obligated by the Due Process Clause to respond to pretrial motions to suppress. To the contrary, the government's failure to respond would likely be advantageous to White, giving him alone an opportunity to persuade the Court of his position. For that reason, even if there was a procedural violation, it would be harmless error. *See* Fed. R. Crim. P. 52. But again, the government **did** respond here. Accordingly, the Court will deny White's motion to dismiss.

**III.     RECUSAL**

A court should recuse from a matter if its "impartiality might reasonably be questioned."  28 U.S.C. § 455.  The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source.  *Rossbach v. United States,* 878 F.2d 1088, 1089 (8th Cir. 1989) (citing *United States v. Jones,* 801 F.2d 304, 312 (8th Cir. 1986)); *see also Liteky v. United States,* 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice but is the most common basis).  Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion for disqualification.  *Liteky,* 510 U.S. at 555.

White's motion for recusal is apparently based on his disagreement with the Court's procedures and rulings.  Disagreement is not grounds for recusal.  Because the Court's impartiality may not reasonably be questioned, the Court will deny White's motion to recuse.

**IV.     INTERLOCUTORY APPEAL**

Throughout his filings, White expresses a desire for Eighth Circuit review.  However, a district court order generally cannot be appealed to a higher court until after the district court issues a final decision.  28 U.S.C. §§ 1291, 1292.  A final decision requires some manifestation by the district court that it has reached "the end of the case."  *Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006).  An appeal that occurs before the district court issues a final decision is called an "interlocutory appeal."  Interlocutory appeals are only permitted in certain circumstances, and courts "discourage piece-meal appeals because

most often such appeals result in additional burdens on both the court and the litigants." 28 U.S.C. § 1292(a); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). Because an interlocutory appeal of this order would not be proper, the Eighth Circuit does not have jurisdiction until this case reaches its conclusion or proper grounds for an interlocutory appeal arise.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss [Docket Nos. 100, 102] and Defendant's Motion to Recuse [Docket No. 101] are **DENIED**.

DATED: February 22, 2024                                    ___s/John R. Tunheim___
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                         United States District Judge