UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                                Crim. No. 22-207 (JRT/ECW)

Plaintiff,

v.

                                 **MEMORANDUM OPINION AND ORDER**

JUSTIN WHITE,                  **DENYING DEFENDANT'S APPEAL OF**
                                              **MAGISTRATE JUDGE'S ORDER**

Defendant.

---

Nathan Hoye Nelson, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Justin White, SPN 6990, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415, Standby Counsel for Defendant.

Defendant Justin White is charged with possession with intent to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime and being a felon in possession of a firearm. He appeals Magistrate Judge Elizabeth Cowan Wright's order denying his motion for laboratory testing. The Court will deny White's appeal.

## BACKGROUND

The Indictment charges that White "did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl." (Indictment at 1, Aug. 23, 2022, Docket No. 1.) White contends additional testing is necessary for him to prepare his defense and, if he is found guilty, to

ensure he receives an appropriate sentence. (*See* Appeal at 2–3, Mar. 6, 2024, Docket No. 126.) Specifically, he wants a test that can determine the amount of Fentanyl in the seized substance and contends the Minnesota Bureau of Criminal Apprehension ("BCA") can conduct the test according to his specifications. (*See id.* at 1–2.) He asks the Court to order such testing be completed, whether independently or by the BCA.

At the hearing on White's motion, his standby counsel represented that he is working to identify a lab that can conduct the testing. (Tr. at 22–23, Mar. 1, 2024, Docket No. 125.) The government indicated it would be willing to cooperate should standby counsel locate such a lab. (*Id.* at 25.) In the meantime, the government represented that it was not certain whether the BCA could conduct the tests White requests, as most labs follow their own protocols and do not take outside instructions. (*Id.* at 23–24.) In any event, the government opposed the request absent legal authority requiring the government to conduct tests at White's request, and to White's specifications. (*Id.* at 24–25.) The Magistrate Judge denied White's motion insofar as it requested the Court to order the BCA to conduct the tests but clarified that she would entertain future requests for funding authorization if White and his standby counsel are able to locate an independent lab to conduct the tests. (*Id.* at 28–29.)

## DISCUSSION

### I. STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2).

The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation omitted).

Documents filed by a pro se litigant are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.   ANALYSIS**

White's request for laboratory testing presents two separate issues. First is whether the Court will authorize an independent lab to conduct the test. There does not seem to be a dispute here; White's standby counsel is working to find such a lab, and the Magistrate Judge indicated her willingness to take up the matter again if he is successful. Second is whether the Court will order the BCA to conduct the tests. The Court will affirm

the Magistrate Judge's decision not to do so. It is unclear whether the BCA is even capable of testing to White's specifications. White alleges the BCA is able but introduces no evidence to that effect aside from his own say-so. In any event, White provides no legal basis, nor is the Court able to ascertain any, for the Court to order the government to execute White's desired testing on his behalf.[1] The Court encourages White to continue to try to locate a lab that suits him, as is the normal course for a criminal defendant preparing his defense. *See* Fed. R. Crim. Pro. 16(a)(1)(E). But the Court will not order the government to conduct that investigation for him.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Appeal of Magistrate Judge Decision [Docket No. 126] is **DENIED** and the Magistrate Judge's Order [Docket No. 122] is **AFFIRMED**.

DATED: May 1, 2024            s/John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                    United States District Judge

---

[1] The Court is aware of White's arguments why such testing would be relevant, but that is not the type of legal authority the Court needs. White would have to point to some sort of procedural rule authorizing the Court to order the government to take the requested action.