**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                                            Crim. No. 22-207 (JRT/ECW)

              Plaintiff,

v.

                                **MEMORANDUM OPINION AND ORDER**
JUSTIN WHITE,                         **DENYING DEFENDANT'S MOTION FOR**
                                       **RECONSIDERATION**

              Defendant.

---

Nathan Hoye Nelson, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Justin White, SPN 6990, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415, Standby Counsel for Defendant.

Defendant Justin White is charged with possession with intent to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.  (Indictment at 1, Aug. 23, 2022, Docket No. 1.)  He filed a motion asking the Court to reconsider its orders denying his motions to suppress evidence for Fourth Amendment violations.  (Mot. for Rule 60 Relief, May 2, 2024, Docket No. 136.)  The Court will deny White's motion to reconsider.

A party is not permitted to file a motion to reconsider without first obtaining the Court's permission based on a showing of "compelling circumstances."  D. Minn. L.R. 7.1(j); *see also United States v. Johnson*, No. 16-193, 2020 WL 7418968, at *1 n.1 (D. Minn.

Dec. 18, 2020) (District of Minnesota applies the same legal standard for motions to reconsider filed in criminal cases as those filed in civil cases).  White did not file a letter asking for the Court's permission to file the present motion.  Nonetheless, because courts are to liberally construe documents filed by *pro se* litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will treat White's motion as a letter for permission to file a motion for reconsideration.

Motions to reconsider are meant to serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted).  Thus, granting permission to file a motion to reconsider is only appropriate when necessary to afford a party "an opportunity for relief in extraordinary circumstances."  *Shukh v. Seagate Tech., LLC*, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quotation omitted).  White has alleged no such extraordinary circumstances.  Rather, White's letter largely reiterates arguments the Court has already considered and rejected.  As the Court has explained, White's Fourth Amendment arguments fail on the merits.  (Mem. Op. & Order Adopting R. & R. at 14–24, Aug. 29, 2023, Docket No. 94.)  And his belief that the government did not follow the appropriate briefing schedule does not change that fact.  (Mem. Op. & Order at 4, Feb. 22, 2024, Docket No. 119.)

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Rule 60 Relief [Docket No. 136] is **DENIED**.

-3-

DATED:  May 3, 2024                              s/John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge