## UNITED STATES DISTRICT COURTS
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
PLAINTIFF,

**[Crim. No. 22-207 (JRT/ECW)]**

V

## MOTION TO DISMISS COUNT 1 OF THE INDICTMENT

**[JUSTIN WHITE,]**
DEFENDANT,

---

The defendant respectfully moves the court to dismiss Count One of the indictment. (841(B)1)B)), which claims that on or about Feb. 1, 2022 in the District of Minnesota the defendant knowingly and intentionally posses to distribute 40 grams or more of a mixture or a substance containing a detectable amount of fentanyl in violation of title 21 United States code section 841 (A)1) and 841 (b)1)B).

In *Hamling v. United States*, 418 U.S 87. 94. S. CT 2887, 41 L. Ed 2d 590 (1973), the supreme court held that " an indictment is sufficient if it first contains the elements of the offense charged and fairly informs a defendant of the charges against which he must define. And second enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. I.D at 117 (citations omitted): *United States v. Miller*, 774 F. 2d. 883, 884-85 (8th Cir. 1985) (same)(citation omitted) " It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished" I.D. (citations omitted). See also [*19x] *United States v. Glickerson*. 556 F. 3d 854, 856 (8th Cir. 2009) the defendant believes such indictment is insufficient because it's grossly overbroad, vague and lacks specificity. The defendant

1

plans on explaining such facts.

(1)The indictment failed to inform the defendant of the charges against him. (2) The indictment failed to state a federal offense. (3) The indictment is missing key element of the crime which is why the indictment is grossly overbroad and vague. (4) Because all of the facts to the grand jury process had to been tainted, because they returned indictment was based upon a type of crime, rather then a criminal act. Because of such the grand jury process violated the defendants Fifth Amendment right. The defendant plans on explaining such arguments below.

## Essential Elements that The Government Must Rebuttal

First the foundation of the defendants argument is essentially a question the courts must answer. ( The question being. Does the possession element of 841 apply to the mixture or substance and detectable amount of the controlled substance collectively only? Or does the detectable amount of the controlled substance within the mixture or substance have to be capable of being possessed according to human capability upon a isolated view point?) The defendant is under the impression that the possession element has to apply to the detectable amount of the controlled substance on a isolated aspect, because the detectable amount is speaking in terms of criminal culpability. Reason being traces of drugs are able to be detected upon transference, meaning a individual could posses a detectable amount of a controlled substance within a sweat molecule in his hand. Which is incapable of being seen by human capabilities, thus making impossible for one to knowingly possess such detectable amount of the controlled substances which is the main element of 841 B)1)B) and without the crime fails to exist. This sweat molecule is then able to detach itself to  physical medians where as this median in essence turns such sweat molecule into a physical reality according to human capability. Because now the median is able to be tested which would conclude that such median contains a detectable amount of a

2

controlled substance. Because technology has advanced dramatically since 841 inception should the courts enforce the indictment to include the detectable amount metric analysis, because without it the indictment is essentially only explaining a type of crime rather then a particular criminal act.

The defendant is hoping the courts could administer some type of guidance as to why the possession aspect of 841 shouldn't apply to the detectable amount of the controlled substance on a isolated level, as well as explain why the detectable amount of the controlled substance present within mixture or substance on a isolated level doesn't speak in terms of criminal culpability. The answering of such a question is essential to discredit the defendants argument.

## Legal Authority of Claim That Drugs Being Transferable

From the onset the defendant wants to take time to place on the record that, his theory of drugs being transferable is not only something in which he believes to be true, but a principle that this court and science has come to conclude to be the truth as well. See *United States v. Jones* 2024 lexis 75284 I.D @ background " Law enforcement officers conducted an ion swab of Jones apartment doorknob and locking mechanism. AN ion swab detects things that are physically present but undetectable by the human eye, like small traces of controlled substances." One not need to be a scientist to conclude that this detectable amount of controlled substance was placed on the door handle through transferable means. Theirs no other logical excuse or reason to conclude why drugs would be on a door handle. The dicta from *Jones* also authenticates that the courts is aware that a technology exist, that can detect drugs amounts that's not physically present according to human capabilities. (Also see dirty money united states banker October 1989, at 10 ( Discussing the study by Lee Hearn, Chief Toxicologist for Florida's

3

Dade County medical examiners office, that 97% of bills from around the country tested positive for cocaine. Noting also that bank tellers play a role in spreading the cocaine traces when tellers count and recount money rubbing one bill against another). Quoting *United States v. 5, 000* and *United States Currency*, 40 F. 3d 846 6th 1994 I.D @[*B*]. Such studies validates both of the defendants assertion, technology exists that can detect, drugs not present according to the human eye. If the prosecution is planning on introducing evidence about the scientific capabilities of the machine that the BCA uses to determine the presence of the detectable amount of the controlled substance that's present within a mixture or substance. Then I challenge the prosecution to present evidence from the scientific community stating that such a machine isn't capable of detecting particuls that would otherwise be impossible to detect with human capabilities according to *Dauberts* standard.

## Arguments

From the onset the defendant wants to make clear that this is not a argument, arguing the purity nor the amount of the controlled substance that was present within the mixture or substances. This is an argument based upon why the detectable amount of a controlled substance within a mixture or substance has to be capable of being possessed according to human capabilities in order for a 841 possession indictment to be valid. The detectable amount of the controlled substance that's present within a mixture or substance is speaking in terms directly related to criminal culpability. Individuals shouldn't be held accountable for possession crimes when a mixture or substance containing a detectable amount of a controlled substances, is only able to be detected by transferable means. *See People v. Rubacalba* 6. cal. 4th 62 " The presence of the narcotic must reflect in such form that reasonably imputes knowledge of the defendant", something that's transferable through sweat molecules could never impute knowledge that a individual is aware that such moisture contains a detectable amount of a controlled substance. Nor could this court argue that such transfer is related to

4

nefarious activities, especially when individuals are only found in possession of such chemical, substance or mixture, without the courts being aware of a cognitive approach of why such chemical substances or mixture is being possession.

"Some courts require usable or salable amount of drugs to constitute possession, see People v. Rubacalba, 6 cal 4th 62 23 cal rptr 2d 628 859 P. 2d 708 (CA) S.C 1993) other courts expressed concern over the potential objectiveness of the usable quantity standard and ask instead whether the drug amount is traceable to a prohibited substance though detectable, do not constitute possession. *See Jefferrs* 524 F. 2d 1975, *Price* 746 A. 2d 896898 (D.C. 2020), powder in baggies do not with unqualified amounts of heroin is insufficient for a conviction. Some courts observe that as technology improves crime laboratories will be increasingly able to detect infinitesimal or microscopic drug amounts raising question about whether it is reasonable to assume they knew they possessed the drugs. See People v. Leal 64 Cal 2d 504 506 50 Cal RPTR 777 413 P. 2d 655 (Cali. 1966) I mention these courts because collectively there holdings is conveying a message, which entails that the possession aspect of a narcotic charge applies to the detectable amount that's present withing a mixture or substance. Meaning such detectable amount has to be capable of being possession by normal human sense on a isolated aspect. The defendant is aware of United States v. Chapman 500 U.S. 453, however that holding was in regards if actual or a mixture of substances containing a detectable amount of a controlled substance is to be calculated at sentencing. I mention Chapman to mention that it's ruling has no precedence over the defendants argument, nor is the defendant aware of such a case that addressed the issue of concern that the defendant is addressing towards this court which holds precedence over the defendants and argument.

It should be undisputed that the metrics of analyzing a detectable amount of a controlled

5

substance within a mixture or substance, controls the narrative of a individuals criminal culpability concerning possession charges. Without the metric analysis of the detectable amount of the controlled substance specified in the indictment. The grand jury's in the courts are unaware if such detectable amount are only detected, because of a means of transference. An as been noted controlled substance that's detected with a mixture or substance based upon transference alone could never satisfy the knowingly and intentional element of the 841 statute. Mainly because the detectable amount in such substance or mixture is only able to be detected because of means outside of the individuals knowledge and control.

Because the indictment failed to specify the detectable amount of the controlled substance that's presents with in the mixture are substance. The defendant can of course assume that such detection of the present of a controlled substance is only able to be detected because of means related to transference. It would be a blatant miscarriage of justice for the courts to assume that such detection exist based upon blind faith without specificity knowing the direct origin of how such detection is able to exist nor is the courts able to use inferences based upon circumstances surrounding such possession, to infer such possession was in furtherance of drug trafficking. Because that would call for the government to assume the presents of one's thoughts.

"When the definition of an offense, whether it be at common law or by statue, includes generic terms it is not sufficient that the indictment shall charge the offense in the same manner. The indictment must state the specifics, it must rescind to particulars @ Cruikshank 95 U. S. 542 23 L. E. D 588" " Undoubtedly the language of the statue may be used in the general description of an offense, but it must be accompanied with such a statement of facts and circumstances as will to inform the accused of specific offense coming under the general description which he is charged". *See Hess* 124 U. S. 483. 487 31 led 516 85 SCT 571. Without the detectable amount of the controlled substance defined, nor

6

articulated the indictment fails to rescind to a particular that could be pointed towards the defendant based upon a criminal act. Mainly because as all ready explained such detectable amount could exist, because of reason totally unrelated to drug trafficking activities, like being transferable or a individual having touch a norcitol in the past. "In sum for an indictment to fullfil the functions of notifying the defendant of the charges against him and of assuring that he is tried on the matters considered by the grand jury the indictment must state specific facts enough to describe a particular criminal act rather then a type of crime" *See Pirro* 212 F. 3 d. 86. At most indictments that do not define the detectable amount of the controlled substance present within the mixture or substance is only explaining a type of crime and not a criminal act. The criminal act becomes apparent once the detectable amount of the controlled substance is defined, because essentially it entails rather such individuals could have knowingly possessed such substance according to human capabilities and not science. " It has long been recognized that there is an important coronary purpose to be served by the requirement that an indictment set out the specific offense coming under general description "with which the defendant is charged" this purpose as defined in *Cruishank* 92 U.S. 542 588, is to inform the courts of the alleged facts so that it may decide whether they are sufficient in law to support a conviction". Quoting Russel 369, U.S. 749 I.D @ [*768*] if the indictment is missing a fact[1], then how could the courts asses that the indictment properly satisfied the key element of the statutory charge which is possession. Which is required to secure a conviction. The only logical inference that one could conclude is that the courts feel satisfied with scientific technology determining the threshold of possession. " Meaning individuals could be deemed in possession of stuff that's not visual according to human capabilities as long as science can detect such an item then your in possession". Which would be a complete oxymoron, because under such logic any person in possession of U.S. Currency could be indicted for possession of narcotics. *See 5,000 v. United States*, 40 F. 3d 846 6th (1994), stating "that 97% of bills test positive for

---

1   I.E The detectable amount not defined

7

cocaine". Indeed such cocaine in 97% of these bills is unseen based upon human capabilities. In short the courts could never be satisfied with science deciding such threshold, and because of such the indictment is also missing a key element of the crime. *See United States v. Carll* 105 U.S. 611 invalidating a indictment for failure to explain missing element of the crime. The charges of the indictment followed substantially the wording of the statute, which failed to involved all the elements of the crime. Such indictment doesn't clearly inform the defendant of what and which he is accused. " It's clear that the defendant is charged with possessing a mixture or substance containing a detectable amount of fentanyl that the government claims to be present within the mixture or substance. What's not clear is if the detectable amount of fentanyl that the government claims to be present within this mixture or substance is capable of meeting the requirement's of possession according to human capabilities and not science. This court in the general public is aware that technology exist where science can detect things that no longer exist physically. And not having defined this detectable amount within the indictments commentary, essentially invalidates a key element of the crime which is possession. Which applies to the detectable amount as well. If the key element isn't defined then in essence the indictment fails to inform the defendant of the charges that's been brought upon him. "The inference of knowledge of an unlawful possession cannot stand if the indictment failed to disclose the measurements and detection which imputes a knowledge of such present of the controlled substance to the defendant. It is not scientific measurement and detection which is the ultimate test of the known possession of the narcotic, but rather the awareness of the defendant of the presence of such narcotics. Because the indictment failed to include the metric analysis of the detectable amount of fentanyl present within the mixture or substance such indictment is invalid whichshould result in dismissal of Count 1.

## Grand Jury Process Tainted

8

The Fifth amendment requires that an indictment be brought by a grand jury. The grand jury is interposed to afford a safeguard against oppressive actions of the prosecutor or a court. The decision to have charges brought upon a individual is a serious matter, because such charges usually represent moral condemnation of the community. For that reason ordinary citizens must agree upon an indictment before a defendant is tried on a felony charge. The facts alleged by the prosecutor officials is not subject to review by another body. The chief issue of concern is if the grand jury was offered a opportunity to consider, if the detectable amount of the controlled substance that was alleged present within this mixture or substance was capable of being possessed by human capabilities and not science. Because such metric of analysis was left undetermined it's impossible to conclude that the grand jury even took into consideration if such a detectable amount was capable of being possessed by human capabilities. To allow the grand jury to make a decision without the factual information needed to validate the indictment, would be the equivalent of depriving the defendant of a basic protection which the intervention of a grand jury resigned to secure. For the defendant in essence could be convicted on the basis of facts not found nor consider to the grand jury. Which is what the *Russell* defendants went to trial with the chief issue is undecided. *See Russel* 369 U.S. 749

### 841 Statute Unconstitutionally Vague on it's Face as Applied

" Possession with intent to distribute a mixture or substance containing detectable amount of controlled substance" *See Griffin v. Oceanic Contractons, Inc* 458 U.S. 564 575, 102 S. CT 3245, 73 L. ED 2d 973 (1982) stating ( Interpretation of a statute that produce absurd results are to be avoided if alternative interpretations consistent with legislative purpose is available.).

841 plan text provide that as long as substances or mixture containing a detectable amount of a controlled substance then the 841 statute has been violated. Problem with this statute is that indictments

are now charging individuals under the the same generic definition. And as all ready been explained such generic definition doesn't distinguish individuals have to be capable of possession such detectable amount according to science or normal human capabilities. Because the science possession definition encompasses both. Where to conclude that the possession aspect applies according to science which would be consistent with legislators interpretation of how 841 dicta is to be applied. Problem with that is such application would easily lead to absurd result.

According to 841 application a knowledgeable judge with a contaminated 10 Dollar Bill carried in his wallet on a trip from a judicial conference, would be committing a serious drug crime. The government interpretation of 841 would dictate that any individual who is found with a detectable amount of a controlled substance withing a mixture or substance has committed a serious drug offense. "It has already been considered a piece of paper could be considered a mixture." See United States v. Chapman 500 U.S. 453 459-68 111 S. CT 1919, 114 L. Ed 2d 524 (1991) indeed until the statute determines what standards the possession aspect of the detectable amount has to satisfy[2] or until the statute mandate what percentage of the detectable amount is present within the mixture or substance. Such statute could be applied in a absurd way.

## Conclusion

Because of the afromention facts dismissal of Count 1 of the indictment should be dismissed, as well as the statute 841 because it's unconstitutionally vague on it's face as applied.

Respectfully Submitted,
By yours truly
Name: Justin White
Signature:
Date: 6 · 17 · 2024

---

2   Meaning according to science or human capabilities

10