UNITED STATES DISTRICT COURTS
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>V<br><br>[JUSTIN WHITE,]<br>DEFENDANT, | [Crim. No. 22-207 (JRT/ECW)]<br><br>**Amendment To Bruen Argument<br>922 (G) Unconstitutional<br>Motion To Dismiss Count 2<br>Of The Indictment** |

Because of the recent decision in *Rahimi*. This Circuit has to assume that *Jackson* is incomplete. *Jackson* is incomplete because it doesn't address how the burden of the 922(G) modern regulation is similar to the burden imposed from a historic point of view. The defendant has already explained his understanding for assuming such. This Amendment is only in regards to highlight that historical regulations on the Second Amendment rights where restorable, thus making it impossible for this court to compare a successful analogie to assume both the Second Amendment regulation imposed a comparable burden. (I.E. meaning historic in modern day Second Amendment regulations).

The Dicta from the *Rahimi's* holding has made it clear that " Individual's who menaced other with firearm." through the going armed laws where prohibited from exercising Second Amendment rights. *See Rahimi* 2714 I.D @ [*5*], indeed menacing another with a firearm is comparable to aggravated robbery, 3rd degree assault, as well as terroristic threats. Under our modern legal system, these crimes represent some of the worst crimes a individual could commit. If these crimes are comparable to surety and going arm laws. Then how could the later crimes under our current regulation of the Second Amendment rights, be subject to a total different burden of the Second Amendment regulations. *See Rahimi* 2714, stating that " When notably matches the similar required in surety in

1

going arm laws, moreover like surety bonds of limited duration I.D@[6] it should be undisputed that going arm in shority laws temporarily restricted individuals from exercising Second Amendment rights, which is incomparable to the life time ban that the modern regulation imposes on the Second Amendment rights, for crimes that's similar to going arm laws in surety bonds. The *Rahimi* holding has made it clear that" why and how the regulation burden's the right are central to this inquiry for example, if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restriction for similar reason fall within a permissible category of regulations. Even when a law regulates arms bearing for a permissible reason though it may not be compatible with the right if it does so to an extent beyond what was done at the founding. And when a challenged regulation does not precisely match it's historical precursors it still maybe analogous enough to pass constitutional muster. The law must compare with the principals underlying the Second Amendment I.D [*17*] The *Rahimi's* holding has undoubtedly made 922(G) statutory law unconstitutional. The court has decided that the government possesses the authority to regulate the Second Amendment rights but not the authority to abolish them. Because 922 (G) abolishes a individual Second Amendment right it should therefore be held unconstitutional. " **The laws must comport with the principals underlying the Second Amendment**". Which is a individual right to posses a firearm. The supreme court has acknowledge that whenever a law doesn't comport with the principals of constitutional right, then such law should be deemed unconstitutional. The Dicta from *Rahimi* has further validated that 922 (G) is unconstitutional, because of such count two of the indictment should be dismissed.

RESPECTFULLY SUBMITTED,

NAME: Justin White
SIGNATURE: /s/
DATE: 06.24.2024

2