**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTIN WHITE,

Defendant.

Criminal No. 22-207 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT**

---

Nathan Hoye Nelson and Rebecca Kline, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Justin White, SPN 6990, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Steven J. Wright, **LAW OFFICE OF STEVEN J. WRIGHT**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415, Standby Counsel for Defendant.

Defendant Justin White is charged with possession with intent to distribute fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and for being a felon in possession of a firearm. He moves to dismiss the Indictment for two reasons: Count One fails to inform him of the charge against him and Count Two, which charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), is invalid because § 922(g)(1) violates the Second Amendment. Because the Indictment is sufficient and § 922(g)(1)'s prohibition against possession of firearms by felons is constitutional, the Court will deny White's motions.

**BACKGROUND**

The Indictment charges White with three counts: (1) that White knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl; (2) that White, a convicted felon, possessed a firearm; and (3) that White possessed a firearm in furtherance of a drug trafficking crime. (Indictment at 1–2, Aug. 23, 2022, Docket No. 1.) White now argues that Count One of the Indictment fails to inform him of the charges against him because it is vague and missing the intent element of 21 U.S.C. § 841, as the Indictment does not specify the "detectable" amount of fentanyl contained within the mixture or substance that he is charged with possessing. (Mot. Dismiss Count 1 at 4–6, June 18, 2024, Docket No. 140; Mem. in Supp. Mot. Dismiss Count 1 at 1–3, July 8, 2024, Docket No. 158.) White also contends that Count Two of the Indictment, which charges him with being a felon in possession of a firearm, is invalid because 18 U.S.C. § 922(g)(1)'s prohibition against possession of firearms by felons violates the Second Amendment. (Amended Mot. Dismiss Count 2 at 1–2, June 25, 2024, Docket No. 144.)[1]

---

[1] Because White filed an Amended Motion to Dismiss Count Two, the Court will dismiss his original Motion to Dismiss Count Two, as it is moot.

**DISCUSSION**

I.      **STANDARD OF REVIEW**

Documents filed by *pro se* litigants are to be liberally construed and must be held

to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply

with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

The Court reviews White's motions pursuant to Federal Rules of Criminal Procedure 12

and 47.

II.     **MOTION TO DISMISS COUNT ONE**

White moves to dismiss Count One of the Indictment, which charges him with

knowingly and intentionally possessing with the intent to distribute 40 grams or more of

a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C.

§ 841.  White argues that Count One is invalid because it does not specify the "detectable"

amount of fentanyl contained within the mixture or substance that he is charged with

possessing.  (Mot. Dismiss Count 1 at 4.)  The detectable amount is relevant, White

argues, because it relates to his intent, which is an element of § 841.  (*Id.* at 8.)  White

asserts that including the detectable amount is imperative because there could have been

an unknown "transference" of fentanyl into the mixture or substance that he is charged

with possessing, such that he was unaware that he possessed a controlled substance and

thus fails to satisfy § 841's knowing and intentional element.  (*Id.* at 4.)

To be legally sufficient on its face, an indictment must "contain[] all of the essential elements of the offense charged, fairly inform[] the defendant of the charges against which he must defend, and allege[] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)).  Ordinarily, an indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.* (quoting *Fleming*, 8 F.3d at 1265).

The Court finds that Count One of the Indictment is legally sufficient.  Count One charges that White "did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl." (Indictment at 1.)  This language tracks 21 U.S.C. § 841(a)(1)'s language, and therefore includes all the elements of the charge. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) ("An indictment is normally sufficient if its language tracks the statutory language."); 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.").  Furthermore, Count One specifies the amount of the mixture or substance containing a detectable amount of fentanyl that White is charged with possessing, as well as the approximate date that he is charged with possessing the controlled substance.  Accordingly, Count One "fairly informs

[White] of the charges against which he must defend" and is thus not "so defective that it cannot be said, by any reasonable construction, to charge the offense for which" White is charged.  *Hernandez*, 299 F.3d at 992.

The Court rejects White's argument that the Indictment must specify the detectable amount of the controlled substance, as the Supreme Court has held that the weight of the entire mixture, and not the weight of the controlled substance itself, is what matters when determining the appropriate sentence.  *Chapman v. United States*, 500 U.S. 453, 459 (1991).  Therefore, the weight of the controlled substance, or fentanyl in this case, is irrelevant to determining whether an Indictment is legally sufficient.  Because Count One includes the weight of the mixture or substance containing fentanyl that White is charged with possessing, it is legally sufficient.

For these reasons, the Court will deny White's Motion to Dismiss Count One of the Indictment.

### III.    MOTION TO DISMISS COUNT TWO

White moves the Court to dismiss Count Two of the Indictment on the ground that *United States v. Rahimi* and *New York State Rifle & Pistol Association Inc. v. Bruen* make clear that 18 U.S.C. § 922(g)(1)'s ban on felons possessing firearms is unconstitutional. *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024); *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022).  The Court rejects White's interpretation.

The Second Amendment has been held to protects a right to keep and bear arms.

U.S. Const. amend. II.  However, this right is not absolute.  *Bruen*, 597 U.S. at 70; *District*

*of Columbia v. Heller*, 554 U.S. 570, 595 (2008).  The United States can regulate firearms

by "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition

of firearm regulation."  *Bruen*, 597 U.S. at 17.  Applying this test, the Eighth Circuit held

that § 922(g)(1) meets this standard and is therefore constitutional."  *United States v.*

*Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *vacated*, No. 23-6170, 2024 WL 3259675 (U.S.

July 2, 2024) (quoting *Bruen*, 597 U.S. at 24).[2]  Certainly, *Jackson* reasoned, legislatures

have traditionally disqualified persons from possessing firearms "**who deviated from**

**legal norms** or persons who presented an unacceptable risk of dangerousness."  *Id.* at 505

(emphasis added).  As explained below, this reasoning remains unchanged despite the

Supreme Court vacating and remanding *Jackson* for further consideration in light of

*Rahimi.*

Rahimi considered whether § 922(g)(8)'s prohibition against possessing a firearm

while subject to a domestic violence restraining order violates the Second Amendment.

*Rahimi*, 2024 WL 3074728 at *5.  The Supreme Court determined that § 922(g)(8) is

---

[2] Although *Jackson* considered an "as-applied challenge," the Eighth Circuit confirmed that § 922(g)(1) is facially constitutional following *Bruen*.  *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023), *vacated*, No. 23-6602, 2024 WL 3259687 (U.S. July 2, 2024) ("[T]here is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant.  The longstanding prohibition on possession of firearms by felons is constitutional.").

constitutional because the right to keep and bear arms "is not unlimited," and the statute is consistent with the "principles that underpin our regulatory tradition" because it "restricts gun use to mitigate demonstrated threats of physical violence, just as the [historical American gun] laws do." *Id.* at *5–9.  Additionally, unlike the statute at issue in *Bruen*, § 922(g)(8)'s prohibition does not "broadly restrict" firearm possession generally. *Id.*

The Eighth Circuit's determination that § 922(g)(1) "is consistent with the Nation's historical tradition of firearm regulation" remains unscathed in light of *Rahimi* because, as *Jackson* concluded, legislatures have traditionally disqualified persons from possessing firearms "who deviated from legal norms," which includes felons. *See Jackson*, 69 F.4th at 502, 505.  And as the Supreme Court reiterated, firearm prohibitions by felons are presumptively lawful. *Rahimi*, 2024 WL 3074728 at *10 (citing *Heller*, 554 U.S. at 626). Furthermore, § 922(g)(1) is not a broad restriction on firearm possession. *Cf. Bruen*, 597 U.S. at 50.  For these reasons, the Court will deny White's Motion to Dismiss Count Two of the Indictment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Dismiss Count One [Docket No. 140] is **DENIED**;

2.  Defendant's Amended Motion to Dismiss Count Two [Docket No. 144] is **DENIED**; and

-8-

3.  Defendant's Motion to Dismiss Count Two [Docket No. 141] is **DENIED** as moot.

4.  Pursuant to a letter filed by Defendant [Docket No. 142], Defendant's standby

    counsel will take over during trial proceedings.


DATED:  July 11, 2024                           _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                               United States District Judge